56 F.3d 80
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James P. MAYER, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7001.
 United States Court of Appeals, Federal Circuit.
 May 8, 1995.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 ORDER
 BRYSON, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves (1) to waive the requirements of Fed. Cir. R. 27(e), (2) for summary affirmance of the Court of Veterans Appeals' judgment dismissing James P. Mayer's appeal for lack of jurisdiction, and (3) for dismissal of Mayer's appeal. Mayer submits a proposed judgment form that we treat as an opposition.
 
 
 2
 The Board of Veterans Appeals granted Mayer a 20 percent disability rating. Mayer appealed to the Court of Veterans Appeals. The Court of Veterans Appeals remanded the case to the Board and entered judgment.
 
 
 3
 On March 4, 1994, the Board remanded the case to the regional office. On March 14, 1994, Mayer appealed the Board's remand order to the Court of Veterans Appeals. The Court of Veterans Appeals dismissed Mayer's appeal on September 22, 1994. The Court of Veterans Appeals stated that the Board's March 4, 1994 remand order was not a final, appealable Board decision and thus the Court of Veterans Appeals was without jurisdiction. See 38 U.S.C. Secs. 7266(a) ("[i]n order to obtain review by the Court of Veterans Appeals of a final decision of the Board of Veterans' Appeals, a person adversely affected by that action must file a notice of appeal with the Court" (emphasis added)); 38 U.S.C. Sec. 7252(a) ("[t]he Court of Veterans Appeals shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals"); 38 C.F.R. Sec. 20.1100(b) ("[a] remand is in the nature of a preliminary order and does not constitute a final decision of the Board" (emphasis added)). On September 30, 1994, Mayer appealed to this court.
 
 
 4
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 In his informal brief, Mayer does not address the Court of Veterans Appeals' jurisdiction over the Board's remand order. Mayer's arguments concern his injuries or disabilities. Those issues are not before this court. Because the Court of Veterans Appeals applied a statute and regulation to the facts of Mayer's case, this court has no jurisdiction to review its decision and this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992). To the extent that Mayer seeks review of other decisions, we agree with the Secretary that this court does not have jurisdiction to review those decisions.*
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) The Secretary's alternative motion for summary affirmance is denied.
 
 
 10
 (4) Each side shall bear its own costs.
 
 
 
 *
 In his informal brief and opposition, Mayer argues that this court should review other decisions, including those of the Court of Veterans Appeals, a district court, the United States Court of Appeals for the Third Circuit, and a previous decision of this court. In this case, Mayer appealed from the Court of Veterans Appeals' dismissal and the other cases are not before us